# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

THOMAS WILSON,

          **Plaintiff,**

    **v.**                                    **Case No. 08-C-890**

MICHAEL J. ASTURE
Commissioner of the Social
Security Administration,

          **Defendant.**

## DECISION AND ORDER

On January 14, 2010, the Court issued its fourth order setting the briefing schedule to govern this action for judicial review pursuant to 42 U.S.C. § 405(g). That briefing schedule set a March 11, 2010, deadline for the Defendant, Michael J. Asture, Commissioner of the Social Security Administration ("Commissioner") to file his brief, the transcript of the administrative proceedings, and his Notice of Filing and Preservation of Rights. It also set an April 11, 2010, deadline for Wilson to file his reply brief.

The Commissioner filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(b) for the Eastern District of Wisconsin[1] on March 9, 2010. To date, Wilson has not filed any reply to that motion.

---

[1] The Local Rules for the Eastern District of Wisconsin were amended on January 26, 2010, and became effective on February 1, 2010. The amended local rules are available on the District's website, www.wied.uscourts.gov. A copy of the rules will also be provided at no charge by the Office of the Clerk of Court, upon request in person or by mail.

Regardless of whether the deadline for the filing of Wilson's responding brief is calculated under Civil Local Rule 7(b) (E.D. Wis.), which as applicable to a motion to dismiss requires that a response be filed within 21 days of the service of the motion, or the April 11, 2010, deadline set by the Court's scheduling order, it is overdue.

Civil Local Rule 41(c) provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.

District courts have inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Harrington v. City of Chi.*, 433 F.3d 542, 548 (7th Cir. 2006). A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior. *Casteel v. Pieschek*, 3 F.3d 1050, 1055 (7th Cir. 1993); *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989).

No case should be dismissed for failure to prosecute without "explicit warning' of the potential sanction, but there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. *Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993). "Ideally, the Court should consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal

for the social objectives of the type of litigation that the suit represents." *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)(citation omitted).

The Court will afford Wilson an additional opportunity to file a response to the Commissioner's motion to dismiss. Wilson is advised that he must file a response to the Commissioner's motion no later than May 17, 2010, and that failure to do so will result in the dismissal of his action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

No later than May 17, 2010, Wilson **MUST** file a response to the Commissioner's motion to dismiss.

Failure to file such response will result in the dismissal of this action.

Dated at Milwaukee, Wisconsin this 14th day of April, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**