# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS WILSON,

        Plaintiff,

v.                                     Case No. 08-C-890

MICHAEL J. ASTURE
**Commissioner of the Social**
**Security Administration,**

        Defendant.

## DECISION AND ORDER

This matter is before the Court on the motion to dismiss filed by Defendant Michael J. Asture, the Commissioner of the Social Security Administration ("Commissioner"), and on the motion of pro se Plaintiff Thomas Wilson ("Wilson") for an extension of time to obtain counsel to represent him in this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Commissioner's denial of his application for disability benefits.

The Commissioner seeks dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(b) for the Eastern District of Wisconsin.[1] Wilson has not filed any response to that motion. Civil Local Rule 41(c), which governs motion to dismiss for failure to prosecute, provides:

---

[1] The Local Rules for the Eastern District of Wisconsin were amended on January 26, 2010, and became effective on February 1, 2010. The amended local rules are available on the District's website, www.wied.uscourts.gov. A copy of the rules will also be provided at no charge by the Office of the Clerk of Court, upon request in person or by mail.

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.

District courts have inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Harrington v. City of Chi.*, 433 F.3d 542, 548 (7th Cir. 2006). A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior. *Casteel v. Pieschek*, 3 F.3d 1050, 1055 (7th Cir. 1993); *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989).

No case should be dismissed for failure to prosecute without "explicit warning' of the potential sanction, but there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. *Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993). "Ideally, the Court should consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents." *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)(citation omitted).

Wilson requested, and was granted multiple extensions of time in this action. The docket also indicates that, his grandmother, Queen Whigham ("Whigham") contacted the Court's staff several times on Wilson's behalf. She was advised that Wilson was required to request any needed extensions of time because he could only appear pro se or by counsel.

2

The docket in this case discloses that Wilson filed this action on October 21, 2008. He was granted leave to proceed *in forma pauperis* on November 11, 2008. The Court issued a briefing letter on March 13, 2009, establishing the schedule for this action.

On June 16, 2009, the Court granted Wilson's motion for an extension of time to file his brief in support of his action for judicial review. On August 4, 2009, the Court also granted Wilson's motion for an extension of time. Again, on November 10, 2009, the Court granted Wilson's request for an extension of time to file his brief.

On December 11, 2009, Whigham contacted the Court indicating that Wilson was attempting to find counsel and could not meet the deadline for filing his brief. Whigham also advised that one attorney had declined to take the case, and that another attorney was reviewing the matter and considering whether to represent Wilson. Although Wilson had not filed a motion for an extension of time, on January 14, 2010, the Court entered an order allowing Wilson additional time to file his brief.

Thereafter, on February 2, 2010, Wilson filed another motion for extension of time. On February 3, 2010, the Court issued an order denying that motion. In that order, the Court noted that it had granted four extensions of time; its January 14, 2010, Order stated that it was allowing a final extension of time for Wilson to file his brief; and, Wilson had provided no reason for the Court to allow him additional time to file his initial brief. The Court indicated that the remaining portions of the briefing schedule would govern the action.

The Commissioner's motion to dismiss for failure to prosecute followed on March 9, 2010. Subsequently, because Wilson had not responded to the motion and because

3

he informed the Court that he had been placed in prison, he was given additional time to file a response. Wilson still has not responded to the merits of the motion, but he again requests more time to obtain counsel. The file reflects two unsuccessful attempts by Wilson to obtain legal representation in this action. Having granted four extensions of time for that purpose and to no avail, the Court declines to allow Wilson more time to obtain counsel. Thus, Wilson's motion for an extension of time is denied.

With respect to the Commissioner's motion to dismiss for failure to prosecute, the Court notes that Wilson is directly responsible for the lack of progress in this action. The multiple orders the Court has issued in this matter reflect both time and effort it has expended. While dismissal of Wilson's appeal asserting the improper denial of his claim for benefits has social implications, Wilson has not filed a brief in support of the appeal although having obtained four extensions of time to file his brief. The Court accommodated Wilson's efforts to obtain counsel. However, he was unable to obtain representation. Wilson's inability to obtain counsel may be a reflection of a low likelihood of probable success on the merits of the action. In sum, having reviewed the file in this matter and upon consideration of the applicable law, this Court concludes this action should be dismissed without prejudice, since the record shows that dismissal for failure to prosecute is an appropriate sanction for Wilson's lack of diligence in prosecuting this action. Consequently, this action will be dismissed without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Wilson's motion for an extension of time is **DENIED**;

The Commissioner's motion to dismiss for failure to prosecute Wilson's action for judicial review of the Commissioner's decision denying his claim for disability benefits is **GRANTED**;

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 3rd day of June, 2010.

          **BY THE COURT**

          *s/ Rudolph T. Randa*
          **Hon. Rudolph T. Randa**
          **U.S. District Judge**